## The National Exchange Bank of Augusta vs. Walker, executor.

1. It was not error to refuse to continue a claim case, on motion of counsel for the claimant on the ground of the absence of his client, no reason being assigned for such absence except that it was intended to withdraw the claim.
2. Under the facts, it was error to grant a new trial.
(a) The withdrawal of a claim is a suggestion that it was made for the purpose of delay.

November 5, 1887.

Continuance. Claims. Practice in superior court. Evidence. Verdict.. New trial. Before Judge Roney. Richmond superior court. October term, 1886.

Reported in the decision.

Leonard Phinizy, for plaintiff in error.

Twiggs & Verdery, contra.

Blandford, Justice.

When this case came on to be tried in the court below, counsel for the claimant withdrew the claim; and thereupon counsel for the plaintiff in execution announced that he would insist on damages against the claimant for hav-

ing interposed the claim for delay only. Counsel for Walker, who was defendant in execution, and who was also claimant as executor, moved to continue the case upon the ground of the absence of his client. No reason being assigned by him for such absence, except the fact that they intended to withdraw the claim, the court refused a continuance, and the case went to the jury.

On the trial, it was shown by the plaintiff in execution that the property levied on was certain land in the possession of Walker, the claimant and defendant in execution; that the land was worth more than the amount of the execution; that this claim had been made and withdrawn, and that the plaintiff in execution, by reason of that claim, had incurred expense, amounting to a certain fee which he had paid counsel for representing him in the case; and thereupon, after a fair charge by the court, the jury found a verdict in favor of the plaintiff in execution for thirteen per cent. damages on the principal sum due on the execution.

A motion for a new trial was made by the claimant upon the ground that the court erred in refusing a continuance; and upon the further grounds, that the verdict was contrary to evidence and without evidence to support it, contrary to the charge of the court, and contrary to law and the principles of justice. The court granted a new trial, and the grant of the new trial is excepted to and the same assigned as error.

We think the court did right to refuse the continuance asked for. There was no reason assigned why the court should have continued the case on account of the absence of the party, other than that the claim was to be withdrawn, and therefore there was no necessity that he should be there for the trial, inasmuch as his counsel could withdraw the claim as well as he could himself. He was chargeable, however, with notice that the plaintiff in execution might insist upon damages, the law being that where a claim is withdrawn, the plaintiff in execution may,

nevertheless, go on and insist upon damages, by reason of the claim being made for delay only. Hence we conclude that the court was right in refusing to grant the continuance.

Now, was the verdict of the jury right, under the evidence in this case? The testimony showed that Walker was defendant in execution, although he claimed as executor. There was no evidence offered that he was executor. The bare withdrawal of the claim itself is a suggestion that it was made for the purpose of delay. It was a fact from which the jury might infer the further fact that the claim was put in for the purpose of delay only.

Besides this, with the motion for new trial there were no affidavits produced to show why Walker was absent at the time this case was tried; and no affidavit to show any reason why the claim was made originally, or that there was any merit in the claim whatever; and the parties had the right and the opportunity, upon the motion for new trial, to show by affidavits the reason why this claim was made, and if it had any merit, what that merit was; that Walker had been advised by counsel to interpose the claim, or some other reason. No affidavit was introduced of counsel, client or anybody else.

The verdict of the jury is clearly right, under the evidence submitted to them. There is plenty of evidence to support their verdict. Under the facts, as they appear in the record (which we must take as true), there would not be a different result on another trial. We are to presume that the facts on another trial would be precisely the same. So we do not think there was any power in the judge of the superior court to grant a new trial in this case. He can only grant a new trial according to principles of law; and in this case there is no circumstance shown by the record that authorizes him to grant a new trial. We therefore reverse the judgment of the court below in granting a new trial, and let the verdict of the jury stand.

Judgment reversed.