## SHELNUTT *v.* WHITESBURG BANKING COMPANY.

ATKINSON, J. 1. Where upon the call of a claim case the claim is withdrawn, the plaintiff may nevertheless go on and insist upon damages by reason of the claim being made for delay only. Civil Code, § 5172; *National Exchange Bank of Augusta* v. *Walker,* 80 Ga. 281 (4 S. E. 763).

2. On the call of the case counsel for the claimant made a motion to continue, on the ground of the absence of his client, and stated that he had

received a letter from the claimant, who was living in another county, to the effect that his absence was due to providential cause. The motion was overruled. Counsel for the claimant then withdrew the claim, and an order was taken which recited that on motion of claimant's attorney the claim was allowed to be withdrawn, and judgment for costs was awarded against the claimant. On motion of counsel for the plaintiff in fi. fa., the court then directed that issue be joined on the question of the claim being filed for delay only. Counsel for the claimant then asked that the trial of this issue be continued until the claimant could be notified and be afforded a reasonable time in which to prepare for the trial. This motion, based on the same grounds as previously urged on the motion to continue the main case, and on the further ground that the action of the judge, above referred to, was not in accordance with the practice of the court, was overruled. Both rulings were complained of in the motion for new trial. At the time the motions were overruled no evidence was offered to support the grounds thereof, other than the statement of counsel as above mentioned; and on the hearing of the motion for new trial, the evidence offered on the subject of the claimant's absence being due to providential cause was not of such a character as to require the judge to find that the claimant was absent for such cause. Under the circumstances there was no abuse of discretion in overruling the ground of the motion for new trial based on the refusal of the judge to grant a continuance.

3. The request to charge was not applicable to the facts of the case, and was properly refused, regardless of whether it stated a correct principle of law.

4. The evidence authorized the verdict, and there was no abuse of discretion in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*
MAY 15, 1914.

Claim. Before Judge Freeman. Heard superior court. June 24, 1913.

*W. C. Hodnett,* for plaintiff in error.
*James Beall* and *Frank S. Loftin,* contra.